**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **STEVEN RAY ROBERTSON #00287929** | § | |
| | § | |
| **V.** | § | **A-24-CV-376-LY** |
| | § | |
| **DAVID GUTIERREZ, et al.** | § | |

<u>**ORDER**</u>

This case was transferred to the Western District of Texas by the United States District Court for the Eastern District of Texas, Sherman Division. Before the Court are Plaintiff Steven Ray Robertson's Amended Complaint and Petition for Declaratory Judgment. This Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

<u>STATEMENT OF THE CASE</u>

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Gib Lewis Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff is serving a life sentence for a conviction out of Harris County for Aggravated Robbery Habitual.

Plaintiff in his convoluted complaint and petition challenges the revocation of his parole. Plaintiff complains he was kidnaped and abducted in Garland, Texas on March 3, 2023, pursuant to a parole "blue warrant."

1

Plaintiff sues the Texas Board of Pardons and Paroles, its Director David Gutierrez, and Bryan Collier, Director of the Texas Department of Criminal Justice.[1]  Plaintiff seeks declaratory and injunctive relief, including his immediate release, and an unspecified amount of damages.

DISCUSSION AND ANALYSIS

1.   Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*).  If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2).  Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless."  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).  A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level.  *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v.*

---

[1]  Plaintiff added Bryan Collier as a defendant in his Original Petition for Declaratory Judgment (ECF #14).

*Twombly*, 550 U.S. 544, 555 (2007)).  This standard requires more than the mere possibility that the defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.  *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement.  *Id.*  And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

2.  <u>Section 1983</u>

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

3.    Eleventh Amendment Immunity

Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court.  *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).  "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017).  Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  This bar extends not only to the state itself, but also to claims against "state officials" in their official capacity when the state is the real party in interest. *Id.*

Plaintiff's claims against the Texas Board of Pardons and Paroles and Defendants Gutierrez and Collier in their official capacities for monetary damages are barred by sovereign immunity.

4.    Absolute Immunity

To the extent Plaintiff seeks monetary damages against Defendant Gutierrez in his individual capacity for the revocation of his parole, Defendant Gutierrez is protected by absolute immunity. *See Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).

5.     *Heck v. Humphrey*

Plaintiff's remaining claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994).  In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Courts have expanded *Heck* to bar declaratory and injunctive relief, in addition to money damages. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (*en banc*).

Success on Plaintiff's claims would imply the invalidity of his revocation.  However, Plaintiff does not allege that the revocation of his parole has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.  Plaintiff's recitation of the procedural history in this case indicates just the opposite.  Accordingly, his claims are barred by *Heck*.

6.     Habeas Claims

Moreover, the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief.  *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).  The Court declines to construe this action as a request for habeas corpus relief.  Venue over Plaintiff's habeas corpus claims are not proper in this Court.  Venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in

the district within which the petitioner was convicted and sentenced. *See* 28 U.S.C. § 2241(d). Petitioner's conviction is out of Harris County, which is within the geographical boundaries of the Southern District of Texas. Petitioner is confined in the Gib Lewis Unit, which is within the geographical boundaries of the Eastern District of Texas.

In addition, Plaintiff has not challenged the revocation of his parole in a state application for habeas corpus relief. As such, the Texas Court of Criminal Appeals has not yet had the opportunity to rule on the claims raised in Plaintiff's complaint.

## CONCLUSION

Plaintiff's claims against the Texas Board of Pardons and Paroles and Defendants Gutierrez and Collier in their official capacities for monetary damages are barred by Eleventh Amendment immunity. Plaintiff's claims against Defendant Gutierrez in his individual capacity for monetary damages is barred by absolute immunity. Plaintiff's remaining claims are barred by *Heck*. Plaintiff may refile his claims once the conditions of *Heck* are met. To the extent Plaintiff seeks his immediate release, he must file a habeas corpus petition in a court with proper venue after he exhausts his state court remedies.

Ordinarily, the Court would allow a pro se plaintiff to amend his complaint to correct the deficiencies described by the Court. However, in this case the Court is of the opinion Plaintiff has alleged his best case against these defendants and any future amendment would be futile.

It is therefore **ORDERED** that Plaintiff's claims brought against the Texas Board of Pardons and Paroles and Defendants Gutierrez and Collier in their official capacities for monetary damages are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction pursuant to 28 U.S.C. § 1915(e).

6

It is further **ORDERED** that Plaintiff's claims against Defendant Gutierrez in his individual capacity for monetary damages are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the conditions of *Heck* are met pursuant to 28 U.S.C. § 1915(e).  To the extent Plaintiff seeks habeas corpus relief his claims are **DISMISSED WITHOUT PREJUDICE** to filing a habeas corpus petition in a court with proper venue after Plaintiff exhausts his state court remedies.  To the extent necessary a certificate of appealability is **DENIED**.

It is further **ORDERED** that Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

Plaintiff is also warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on April 25, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE